**DISTRICT OF COLUMBIA,**
**Petitioner,**

**v.**

**The GEORGE WASHINGTON UNIVERSITY, Respondent.**

**Nos. 13386, 13389.**

United States Court of Appeals
District of Columbia Circuit.

Argued Jan. 25, 1957.

Decided March 21, 1957.

Petition for Rehearing En Banc
Denied April 11, 1957.

Mr. Henry E. Wixon, Asst. Corporation Counsel for the District of Columbia, for petitioner. Messrs. Vernon E. West, Corporation Counsel at the time brief was filed, and Chester H. Gray, Corporation Counsel, and George C. Updegraff, Asst. Corporation Counsel, were on the brief for petitioner.

Mr. Cary M. Euwer, Washington, D.C., for respondent.

Before EDGERTON, Chief Judge, and WILBUR K. MILLER and DANAHER, Circuit Judges.

PER CURIAM.

In February 1955 we held that automobile parking spaces belonging to George Washington University, and used without fee by members of its faculty and staff, were "reasonably required and actually used for carrying on of the ac-

---

tivities" of the University, within the meaning of an Act of Congress creating tax exemptions. 56 Stat. 1090, § 1, Par. (r) (1), D.C.Code 1951, § 47–801a(r)(1). We said: "in the congested areas where they are located these lots, though not absolutely necessary, are 'reasonably required'."

We also said: "Though the amount of taxation directly involved is small the District complains that the aggregate amount of exempt property in the District is large, and that this is burdensome. But such considerations are not for the courts but for Congress." District of Columbia v. George Washington University, 95 U.S.App.D.C. 214, 215, 221 F.2d 87, 88. Congress has not amended the law.

We now agree with the Tax Court of the District of Columbia that the principle of the previous case applies to parking spaces owned by the University and rented to students for a nominal fee of 20 cents a half-day. This is not shown to exceed the cost of operation. The record does not show, and we do not think it material, how many spaces the University provides.

Affirmed.

DANAHER, Circuit Judge (dissenting).

The Act of December 24, 1942, 56 Stat. 1089, ch. 826, Title 47, Chap. 8, D.C. Code 1951, providing for certain exemptions from real property taxation in the District of Columbia, so far as is here pertinent, specified "the following and none other:

"Section 1. * * * (j) Buildings belonging to and operated by schools, colleges, or universities which are not organized or operated for private gain * * *.

*     *     *     *     *     *

"(r) (1) Grounds belonging to and reasonably required and actually used for the carrying on of the activities and purposes of any institution or organization entitled to exemption under the provisions of this Act."

My colleagues say, in effect, that a private board of trustees, by their own vote, may acquire and remove from the tax list grounds which are to be devoted to parking the automobiles of students and university employees. They permit the university authorities thus to enlarge the category of the grounds exempted by the Congress in 1942, on the theory that such parking facilities are required and "actually used" for carrying on the activities and purposes of the university. As a matter of policy I would be quite willing to see such grounds accorded tax exemption, but I believe such exemption should be achieved only by additional legislation.

When a comparable question was before us in District of Columbia v. George Washington University, 1955, 95 U.S. App.D.C. 214, 221 F.2d 87, 89, I entered a dissent. The District's fears, therein referred to, have now materialized. The dissent noted: "If it can be done for 177 privately owned cars, it can be done for 2,000." Now the practice is heading for the 2,000 mark, and there is no indication as to where the line will be drawn. The record shows that the faculty totals approximately 2,000 and that there are approximately 10,000 students. I will now add simply to what I then wrote, that if one organization may thus achieve a tax exemption for grounds devoted to private parking facilities, all similar organizations may do likewise. I feel certain Congress never intended any such result.